IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

| | |
|---|---|
| STATE OF MISSOURI ex rel., Attorney General Chris Koster and the Missouri Department of Natural Resources,<br><br>Plaintiff,<br><br>v.<br><br>REPUBLIC SERVICES, INC.,<br><br>ALLIED SERVICES, LLC,<br>and<br><br>BRIDGETON LANDFILL, LLC,<br>Defendants. | )<br>)<br>)<br>)<br>)<br>) Case No. 13SL-CC01088<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ANSWER OF DEFENDANT REPUBLIC SERVICES, INC. TO FIRST AMENDED PETITION

Comes the Defendant Republic Services, Inc. ("Republic"), by counsel, and for its Answer to Plaintiff's First Amended Petition ("Petition"), hereby states as follows:

### Parties

1. Defendant admits Chris Koster is the acting Attorney General of Missouri ("Attorney General"). Defendants state that the remainder of paragraph 1 is conclusion of law that does not require a response. To the extent a response is required, Republic denies the same.

2. Republic states that paragraph 2 is a conclusion of law that does not require a response. To the extent a response is required, Republic denies the same.

3. Republic states that paragraph 3 pleads no facts, but instead states the designation of the parties, and requires no response.

4. Republic admits that Republic Services, Inc. is a Delaware corporation with its principal place of business located in Phoenix, Arizona.

5. Republic admits that Allied Services, LLC, is a Delaware limited liability company, whose members are Allied Waste Landfill Holdings, Inc., Allied Waste North America, Inc., and Allied Green Power, LLC. Allied Waste Landfill Holdings, Inc. is a Delaware corporation with is principal place of business in Arizona. Allied Waste North America, Inc. is a Delaware corporation with its principal place of business in Arizona. Allied Green Power, LLC's sole member is Allied Waste North America, Inc.

6. Republic admits that Bridgeton Landfill, LLC is a Delaware limited liability company whose sole member is Allied Waste North America, Inc., a Delaware corporation with its principal place of business in Arizona. Republic denies the remaining allegations of paragraph 6.

## Jurisdiction and Venue

7. Republic states that paragraph 7 is a conclusion of law that does not require a response. To the extent a response is required, Republic denies the same.

## Allegations Common to All Counts

### Corporate Structure

8. Republic denies the allegations contained in paragraph 8.

9. Republic states that Bridgeton Landfill, LLC owns and/or operates the Bridgeton Landfill since a date prior to November 1, 2010. Republic denies the remaining allegations in paragraph 9.

10. Republic denies the allegations contained in paragraph 10.

### History of the Bridgeton Sanitary Landfill

11. Republic admits that the Bridgeton Sanitary Landfill stopped accepting waste on December 31, 2004. Republic is without information or knowledge sufficient to form a belief as the remaining allegations in paragraph 11, and denies the same.

12. Republic is without information or knowledge sufficient to form a belief as to the allegations contained in paragraph 12, and therefore denies the same.

13. Republic admits that Bridgeton Landfill lies within the West Lake Landfill Superfund Site.

14. Republic denies the allegations contained in paragraph 14.

15. Republic is without information or knowledge sufficient to form a belief as to the allegations contained in paragraph 15, and therefore denies the same.

16. Republic states that paragraph 16 is a conclusion of law that does not require a response. To the extent a response is required, Republic denies the same.

### Subsurface Smoldering Event/Fire at the Bridgeton Sanitary Landfill

17. Republic admits that Bridgeton Landfill, LLC made a report to the Missouri Department of Natural Resources on December 23, 2010, regarding elevated temperatures on some gas extraction wells. Republic denies the remaining allegation contained in paragraph 17.

18. Republic denies the allegations contained in paragraph 18.

### Effects of the Subsurface Smoldering Event/Fire

19. Republic is without information or knowledge sufficient to form a belief as to the allegations contained in paragraph 19, and therefore denies the same.

20. Republic denies the allegations contained in paragraph 20.

21. Republic denies the allegations contained in paragraph 21.

22. Republic states that in February 2013, leachate flowed out of the leachate collection system. Republic denies the remaining allegations contained in paragraph 22.

23. Republic denies the allegations contained in paragraph 23.

24. Republic states that paragraph 24 is a conclusion of law that does not require a response. To the extent a response is required, Republic denies the same.

25. Republic denies the allegations contained in paragraph 25.

26. Republic admits leachate does undergo a pretreatment process on site, as permitted by the MDNR. Republic denies the remaining allegations contained in paragraph 26.

27. Republic states that paragraph 27 is a conclusion of law that does not require a response. To the extent a response is required, Republic denies the same.

28. Republic states that paragraph 28 is a conclusion of law that does not require a response. To the extent a response is required, Republic denies the same.

29. Republic states that paragraph 29 is a conclusion of law that does not require a response. To the extent a response is required, Republic denies the same.

30. Republic states that paragraph 30 is a conclusion of law that does not require a response. To the extent a response is required, Republic denies the same.

31. Republic states that paragraph 31 is a conclusion of law that does not require a response. To the extent a response is required, Republic denies the same.

## Agency Liability

32. Republic denies the allegations contained in paragraph 32.

### Veil Piercing

33. Republic denies the allegations contained in paragraph 33.

34. Republic denies the allegations contained in paragraph 34.

35. Republic denies the allegations contained in paragraph 35.

36. Republic denies the allegations contained in paragraph 36.

37. Republic denies the allegations contained in paragraph 37.

38. Republic denies the allegations contained in paragraph 38.

39. Republic denies the allegations contained in paragraph 39.

40. Republic denies the allegations contained in paragraph 40.

41. Republic denies the allegations contained in paragraph 41.

42. Republic denies the allegations contained in paragraph 42.

43. Republic denies the allegations contained in paragraph 43.

44. Republic denies the allegations contained in paragraph 44.

## Count I – Negligent Failure to Isolate, Contain, Suppress, Inhibit and/or Extinguish the Landfill Fire

45. Republic states that paragraph 45 pleads no facts. To the extent that paragraph 45 requires a response, Republic denies the allegations contained therein.

46. Republic is without information or knowledge sufficient to form a belief as to the allegations contained in paragraph 46, and therefore denies the same.

47. Republic denies the allegations contained in paragraph 47. The Bridgeton Sanitary Landfill contains municipal solid waste and special wastes accepted in accordance with the permit issued by the Missouri Department of Natural Resources.

48. Republic denies the allegations contained in paragraph 48.

49. Republic denies the allegations contained in paragraph 49.

50. Republic denies the allegations contained in paragraph 50.

51. Republic states that paragraph 51 is a conclusion of law that does not require a response. To the extent a response is required, Republic denies the same.

52. Republic states that paragraph 52 is a conclusion of law that does not require a response. To the extent a response is required, Republic denies the same.

53. Republic states that paragraph 53 is a conclusion of law that does not require a response. To the extent a response is required, Republic denies the same as actions were immediately taken to isolate, contain, suppress, inhibit and extinguish the pyrolysis.

54. Republic states that paragraph 54 is a conclusion of law that does not require a response. To the extent a response is required, Republic denies the same as actions were immediately taken to prevent significant harm to human health, the environment and property due to leachate production.

55. Republic denies the allegations contained in paragraph 55.

56. Republic states that paragraph 56 is a conclusion of law that does not require a response. To the extent a response is required, Republic denies the same.

57. Republic states that paragraph 57 is a conclusion of law that does not require a response. To the extent a response is required, Republic denies the same.

58. Republic states that paragraph 58 is a conclusion of law that does not require a response. To the extent a response is required, Republic denies the same.

59. Republic denies the allegations contained in paragraph 59.

60. Republic denies the allegations contained in paragraph 60.

61. Republic denies the allegations contained in paragraph 61.

62. Republic states that paragraph 62 is a conclusion of law that does not require a response. To the extent a response is required, Republic denies the same.

63. Republic states that paragraph 63 is a conclusion of law that does not require a response. To the extent a response is required, Republic denies the same.

## Count II – Negligent Failure to Properly Operate and Maintain the Gas Collection and Control System

64. Republic states that paragraph 64 pleads no facts. To the extent that paragraph 64 requires a response, Republic denies the allegations contained therein.

65. Republic admits the allegations contained in paragraph 65 and states that to date, all evidence supports the conclusion that proper operation and maintenance and well field management has been implemented and has not contributed to the pyrolysis.

66. Republic is without information or knowledge sufficient to form a belief as to the allegations contained in paragraph 66, and therefore denies the same.

67. Republic denies the allegations contained in paragraph 67.

68. Republic denies the allegations contained in paragraph 68.

69. Republic denies the allegations contained in paragraph 69.

70. Republic states that paragraph 70 is a conclusion of law that does not require a response. To the extent a response is required, Republic denies the same.

71. Republic denies the allegations contained in paragraph 71

72. Republic states that paragraph 72 and all of its subparts contain a conclusion of law that do not require a response. To the extent a response is required, Republic denies the same.

73. Republic denies the allegations contained in paragraph 73.

74. Republic denies the allegations contained in paragraph 74.

75. Republic denies the allegations contained in paragraph 75.

76. Republic denies the allegations contained in paragraph 76.

77. Republic denies the allegations contained in paragraph 77.

78. Republic denies the allegations contained in paragraph 78.

## Count III – Strict Liability/Ultra-Hazardous Activity

79. Republic states that paragraph 79 pleads no facts. To the extent that paragraph 79 requires a response, Republic denies the allegations contained therein.

80. Republic is without information or knowledge sufficient to form a belief as to the allegations contained in paragraph 80, and therefore denies the same.

81. Republic admits the allegations contained in paragraph 81.

82. Republic is without information or knowledge sufficient to form a belief as to the allegations contained in paragraph 82, and therefore denies the same.

83. Republic denies the allegations contained in paragraph 83.

84. Republic states that paragraph 84 is a conclusion of law that does not require a response. To the extent a response is required, Republic denies the same.

85. Republic states that paragraph 85 is a conclusion of law that does not require a response. To the extent a response is required, Republic denies the same and states that the landfill is operated at the site permitted by the State of Missouri.

86. Republic denies the allegations contained in paragraph 86.

87. Republic denies the allegations contained in paragraph 87.

88. Republic denies the allegations contained in paragraph 88.

89. Republic denies the allegations contained in paragraph 89.

90. Republic denies the allegations contained in paragraph 90.

91. Republic states that paragraph 91 is a conclusion of law that does not require a response. To the extent a response is required, Republic denies the same.

### Count IV- Causing a Public Nuisance and Odor Pollution

92. Republic states that paragraph 92 pleads no facts. To the extent that paragraph 92 requires a response, Republic denies the allegations contained therein.

93. Republic states that paragraph 93 is a conclusion of law that does not require a response. To the extent a response is required, Republic denies the same.

94. Republic denies the allegations contained in paragraph 94.

95. Republic denies the allegations contained in paragraph 95.

96. Republic denies the allegations contained in paragraph 96.

97. Republic denies the allegations contained in paragraph 97.

98. Republic states that paragraph 98 is a conclusion of law that does not require a response. To the extent a response is required, Republic denies the same.

99. Republic denies the allegations contained in paragraph 99.

100. Republic denies the allegations contained in paragraph 100.

101. Republic states that paragraph 101 is a conclusion of law that does not require a response. To the extent a response is required, Republic denies the same.

102. Republic states that paragraph 102 is a conclusion of law that does not require a response. To the extent a response is required, Republic denies the same.

103. Republic states that paragraph 103 is a conclusion of law that does not require a response. To the extent a response is required, Republic denies the same.

104. Republic states that paragraph 104 is a conclusion of law that does not require a response. To the extent a response is required, Republic denies the same.

105. Republic states that paragraph 105 is a conclusion of law that does not require a response. To the extent a response is required, Republic denies the same.

106. Republic states that paragraph 106 is a conclusion of law that does not require a response. To the extent a response is required, Republic denies the same.

107. Republic states that paragraph 107 pleads no facts, but instead states the authority to issue injunctive relief. To the extent that paragraph 107 requires a response, Republic denies the allegations contained therein.

## Count V – Burning Solid Waste at a Sanitary Landfill

108. Republic states that paragraph 108 pleads no facts. To the extent that paragraph 108 requires a response, Republic denies the allegations contained therein.

109. Republic states that paragraph 109 is a conclusion of law that does not require a response. To the extent a response is required, Republic denies the same.

110. Republic states that paragraph 110 is a conclusion of law that does not require a response. To the extent a response is required, Republic denies the same.

111. Republic states that paragraph 111 pleads no facts, but instead states the authority to issue penalties. To the extent that paragraph 111 requires a response, Republic denies the allegations contained therein.

## Count VI – Exceeding Methane Gas Limits

112. Republic states that paragraph 112 pleads no facts. To the extent that paragraph 112 requires a response, Republic denies the allegations contained therein.

113. Republic states that paragraph 113 is a conclusion of law that does not require a response. To the extent a response is required, Republic denies the same.

114. Republic states that paragraph 114 is a conclusion of law that does not require a response. To the extent a response is required, Republic denies the same.

115. Republic states that paragraph 115 pleads no facts, but instead states the authority to issue penalties. To the extent that paragraph 115 requires a response, Republic denies the allegations contained therein.

## Count VII – Causing Pollution of Waters of the State

116. Republic states that paragraph 116 pleads no facts. To the extent that paragraph 116 requires a response, Republic denies the allegations contained therein.

117. Republic states that paragraph 117 is a conclusion of law that does not require a response. To the extent a response is required, Republic denies the same.

118. Republic denies the allegations contained in paragraph 118.

119. Republic states that paragraph 119 is a conclusion of law that does not require a response. To the extent a response is required, Republic denies the same.

120. Republic denies the allegations contained in paragraph 120.

121. Republic denies the allegations contained in paragraph 121.

122. Republic states that paragraph 122 pleads no facts, but instead states the authority to issue penalties. To the extent that paragraph 122 requires a response, Republic denies the allegations contained therein.

## Count VIII – Improperly Handling Hazardous Waste

123. Republic states that paragraph 123 pleads no facts. To the extent that paragraph 123 requires a response, Republic denies the allegations contained therein.

124. Republic states that paragraph 124 is a conclusion of law that does not require a response. To the extent a response is required, Republic denies the same.

125. Republic states that paragraph 125 is a conclusion of law that does not require a response. To the extent a response is required, Republic denies the same.

126. Republic admits that Metropolitan Sewer District of St. Louis (MSD) tested leachate from the Bridgeton Sanitary Landfill. Republic denies the remaining allegations of paragraph 126.

127. Republic admits that the Bridgeton Sanitary Landfill ceased discharged to MSD. Republic denies the remaining allegations of paragraph 127.

128. Republic states that paragraph 128 is a conclusion of law that does not require a response. To the extent a response is required, Republic denies the same.

129. Republic admits that the Bridgeton Landfill, LLC shipped leachate to the American Bottoms Wastewater Treatment Facility. Republic denies the remaining allegations contained in paragraph 129.

130. Republic states that paragraph 130 is a conclusion of law that does not require a response. To the extent a response is required, Republic denies the same.

131. Republic states that paragraph 131 is a conclusion of law that does not require a response. To the extent a response is required, Republic denies the same.

132. Republic states that paragraph 132 pleads no facts, but instead states the authority to issue penalties. To the extent that paragraph 132 requires a response, Republic denies the allegations contained therein.

## Count IX – Storing Solid Waste in a Manner that Violates the Law, Creates a Public Nuisance, and Adversely Affects Public Health

133. Republic states that paragraph 133 pleads no facts. To the extent that paragraph 133 requires a response, Republic denies the allegations contained therein.

134. Republic states that paragraph 134 is a conclusion of law that does not require a response. To the extent a response is required, Republic denies the same.

135. Republic states that paragraph 135 is a conclusion of law that does not require a response. To the extent a response is required, Republic denies the same.

136. Republic states that paragraph 136 is a conclusion of law that does not require a response. To the extent a response is required, Republic denies the same.

137. Republic states that paragraph 137 pleads no facts, but instead states the authority to issue penalties. To the extent that paragraph 137 requires a response, Republic denies the allegations contained therein.

## Count X – Natural Resource Damages & Cost Recovery

138. Republic states that paragraph 138 pleads no facts. To the extent that paragraph 138 requires a response, Republic denies the allegations contained therein.

139. Republic states that paragraph 139 is a conclusion of law that does not require a response. To the extent a response is required, Republic denies the same.

140. Republic states that paragraph 140 is a conclusion of law that does not require a response. To the extent a response is required, Republic denies the same.

141. Republic states that paragraph 141 is a conclusion of law that does not require a response. To the extent a response is required, Republic denies the same.

142. Republic states that paragraph 142 is a conclusion of law that does not require a response. To the extent a response is required, Republic denies the same.

143. Republic states that paragraph 143 is a conclusion of law that does not require a response. To the extent a response is required, Republic denies the same.

144. Republic denies the allegations contained in paragraph 144.

145. Republic denies the allegations contained in paragraph 145.

146. Republic states that Bridgeton Landfill, LLC has previously reimbursed and agreed to reimburse costs through September 2014. Republic therefore denies the allegations contained in paragraph 77.

147. Republic states that paragraph 147 is a conclusion of law that does not require a response. To the extent a response is required, Republic denies the same.

148. Republic states that paragraph 148 is a conclusion of law that does not require a response. To the extent a response is required, Republic denies the same.

## Request for Jury Trial

149. Republic states that paragraph 149 pleads no facts. To the extent that paragraph 149 requires a response, Republic denies the allegations contained therein.

## AFFIRMATIVE DEFENSES

Defendants, for their affirmative and/or further defenses, state as follows:

1. Plaintiff failed to join the U.S. Environmental Protection Agency, an indispensable party.

2. Plaintiff's claims are barred by the applicable statutes of limitations.

3. Plaintiff's claims for punitive damages and penalties are barred by the applicable statues of limitations, as the applicable limitation period begins to run from the date of the alleged wrongful conduct, not from the date of the injury.

4. Plaintiff has not suffered any legally compensable injury within the applicable periods of limitations preceding the filing of this action.

5. Plaintiff's Petition and each purported cause of action therein are barred, in whole or in part, by the doctrine of laches in that Plaintiff has unreasonably delayed the commencement of this action and have thereby prejudiced Republic.

6. Plaintiff's Petition and each purported cause of action therein are barred, in whole or in part, by the doctrine of estoppel.

7. Plaintiff's Petition and each purported cause of action therein are barred, in whole or in part, by the doctrine of waiver.

8. Plaintiff failed to join St. Louis Lambert Airport as a necessary or indispensable party to the extent the injunctive relief sought by Plaintiff affects the Airport's negative easement at the Bridgeton Landfill.

9. Plaintiff failed to exhaust its administrative remedies.

10. Plaintiff failed to provide Republic with timely notice of any alleged cause of action.

11. Republic denies all allegations of wrongdoing and damages as alleged in the Petition, but if in fact Plaintiffs did sustain damages, such damages were caused by the acts or omissions of persons or entities for whose conduct Republic is not legally responsible.

12. Plaintiff's purported causes of action and alleged damages, if any, are the responsibility of third parties including, but not limited to, the Plaintiff and other unnamed parties, and such liability, if any, should be apportioned according to fault in accordance with the laws of the State of Missouri.

13. Plaintiff's purported causes of action and alleged damages, if any, are the responsibility of third parties including, but not limited to, predecessors which were permitted by the State of Missouri, and such liability, if any, should be apportioned according to fault in accordance with the laws of the State of Missouri.

14. Plaintiff failed to exercise reasonable and ordinary care, caution, or prudence in order to avoid Plaintiff's alleged damages, so the resulting damages, if any, sustained by Plaintiff were proximately caused and contributed to by the negligence of Plaintiff.

15. Plaintiff's demand for punitive damages and penalties as alleged in the Amended Petition are barred as a result of the Landfill being operated, at all times, in compliance with the applicable state and federal regulations.

16. Plaintiff's demand for punitive damages and penalties as alleged in the Amended Petition are barred as a result of Republic's compliance with industry standards.

17. Republic denies all allegations of wrongdoing and damages as alleged in the Petition, but if in fact Plaintiffs did sustain damages, Republic is not responsible for those damages because Plaintiff failed to mitigate the alleged damages.

18. The Petition and each purported cause of action therein are barred because the utility of the conduct of which Plaintiff complains outweighs any alleged harm to Plaintiff.

19. Plaintiff's request for injunctive relief is preempted as it attempts to shape and therefore challenge the remedy already underway under the Comprehensive Environmental Response, Compensation and Liability Act, 42 U.S.C. §9604, and violates the timing of review provisions thereunder, 42 U.S.C. § 9613(h).

20. Republic reserves the right to amend its Answer and affirmative defenses and to plead additional defenses as discovery progresses.

WHEREFORE, having fully answered Plaintiff's First Amended Petition, Defendant requests that the Court deny the relief sought by Plaintiff, and grant such other and further relief as the Court deems just and proper.

Dated: November 25, 2014 **LATHROP & GAGE LLP**

By: /s/ Allyson E. Cunningham
Matthew A. Jacober (Mo #51585)
mjacober@lathropgage.com
William G. Beck (Mo. #26849)
wbeck@lathropgage.com
Allyson E. Cunningham (Mo. #64802)
acunningham@lathropgage.com
Pierre Laclede Building
7701 Forsyth Blvd.
St. Louis, MO 63105
Phone: (314) 613-2800
Fax: (314) 613-2801

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above pleading was served via first class United States mail, postage prepaid, on this 25th day of November, 2014, upon the following counsel of record:

Chris Koster
Attorney General, State of Missouri
Joel Poole
Thomas Phillips
Peggy Whipple
Andrew Blackwell
Emily Ottenson
P.O. Box 899
Jefferson City, Missouri 65102
Phone: 573.751.3640
Fax: 573.751.8796
ATTORNEYS FOR PLAINTIFF

/s/ Allyson E. Cunningham
An Attorney for Defendant