IN THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

FILED

STATE OF MISSOURI ex rel. )
Attorney General Chris Koster and )
Missouri Department of Natural )
Resources, )
     Plaintiff, )
v. )
REPUBLIC SERVICES, INC., et al., )
     Defendants. )

DIV. **MAR 04 2015** 10

JOAN M GILMER
CIRCUIT CLERK. ST LOUIS COUNTY
Case No. 13SL-CC01088

## PROTECTIVE ORDER

IT IS HEREBY ORDERED that this Protective Order shall govern the

parties' ability to designate documents containing financial and trade secret

information, as well as certain other documents meeting the requirements of

Missouri Rule of Civil Procedure 56.01 (c), as "CONFIDENTIAL," and shall

govern the parties' handling of such documents, as follows:

## FINDINGS

1.  Documents (and the financial or trade secret information contained

within those documents), that are not publicly available or meet the

definition of a trade secret under Missouri law may be produced during the

course of this pending action.

2.  The financial or trade secret information contained within these

documents is not protected by the attorney-client privilege or the attorney

work product doctrine.

Exhibit A

3.     The information contained within these documents may be relevant to the subject matter involved in the pending action, or may be reasonably calculated to lead to the discovery of evidence that is admissible in this pending action.

## DEFINITIONS

4.     The term "document" or "documents" as used herein shall include writings, drawings, graphs, charts, photographs, electronically stored data and other compilations of data from which information can be obtained or translated.

5.     The term "day" or "days" as used herein shall excluded Saturdays, Sundays and all legal federal and state holidays.

## ORDER

6.     Any party or non-party who discloses or produces documents in this pending action ("Designating Party") may designate as "CONFIDENTIAL" any such documents that contain financial or trade secret information that is not publicly available, or certain other documents which the Designating Party reasonably and in good faith believes meets the requirements of Rule 56.01 (c) of the Missouri Rules of Civil Procedure due to the sensitive nature of the document, and which if disclosed would reveal privileged, financial, competitive, strategic, or other information which causes the producing party annoyance or embarrassment.

Exhibit A

7.     Documents designated as "CONFIDENTIAL" may be disclosed only to the following persons, providing they first agree to be bound by the provisions of this Order by signing the "Confidentiality Acknowledgment" attached hereto as Exhibit A:

a.     The Court and any staff assisting it in this pending action.

b.     The parties and their representatives.

c.     The attorneys, including in-house attorneys, working on this pending action on behalf of any party, and all paralegals, assistants, stenographic, clerical and support staff employees working under the direct supervision of such attorneys.

d.     Any person not employed by a party or attorney, but who is expressly retained or sought to be retained by an attorney to assist a party with respect to this pending action regardless of whether they are retained for the purposes of presenting testimony.

e.     Former and current officers, employees, contractors and vendors of the parties whose duties and responsibilities were or are relevant to the subject matter involved in the pending action.

f.     Court reporters, copy service personnel, document imaging service personnel, and other such vendors retained by the attorneys to assist in the pending action.

g.     Mediators or arbitrators as may be agreed upon by the parties.

Exhibit A

      h.     The author or recipient of any document designated

      "CONFIDENTIAL."

8.     The attorneys for the party to whom "CONFIDENTIAL" documents are

disclosed or produced ("Receiving Party") are responsible for maintaining the

executed Confidentiality Acknowledgments and for supervising compliance

with this Order by all persons listed in Paragraph 8 above to whom such

attorneys provided such documents.

9.    Regarding the designation as "CONFIDENTIAL" of documents that are

not publicly available:

      a.     In the case of production or disclosure of documents, the legend

      "CONFIDENTIAL" shall be conspicuously affixed to the document in a

      manner that does not mar or obstruct any other writings or markings

      on the document.

      b.     In the case of filings with this Court in which "CONFIDENTIAL"

      documents are quoted or attached as Exhibits, such filings shall be

      made under seal pursuant to the authority of this Order and no further

      briefing, argument or Order shall be required.

      c.     In the case of depositions or hearings before this Court, at least

      five (5) days prior to the commencement of each deposition or hearing,

      the Designating Party shall advise the Court, all other parties and the

      court reporter transcribing the proceeding that "CONFIDENTIAL"

Exhibit A

documents or the information contained within such documents will be referenced during the hearing or deposition. The court reporter shall include on the cover page of the transcript of the deposition or hearing the legend "CONFIDENTIAL," and the entire transcript and all exhibits shall be treated as "CONFIDENTIAL" for fourteen (14) days after transmittal of the transcript to the parties. Prior to the expiration of the fourteen (14) day period, the Designating Party shall review the transcript and shall prepare a list of the number of each page of the transcript, and a list of each Exhibit to the transcript, that contains information from a "CONFIDENTIAL" document. Copies of that list shall be mailed to the court reporter and to all attorneys so that it may be affixed to the face of the transcript and each copy thereof. Once the transcript is so supplemented, only the portions of the transcript so designated as "CONFIDENTIAL" shall be treated as "CONFIDENTIAL." If no such designation is made within fourteen (14) days after transmittal of the transcript, the transcript shall be considered not to contain any "CONFIDENTIAL" documents or information.

10.     "CONFIDENTIAL" documents shall be maintained by the Receiving Party in a manner where physical and electronic access to such documents is restricted to only those individuals identified in Paragraph 8 above.

Exhibit A

11.     At any time after the production or disclosure of documents designated
as "CONFIDENTIAL," any party may object to that designation ("Objecting
Party") by notifying the Designating Party in writing of that objection and
specifying the documents to which the objection is made. Within fourteen
(14) days of such notification of objection, the Objecting Party and the
Designating party shall confer and attempt to resolve the dispute. If the
objection is not resolved by the parties, and the Objecting Party raises the
objection with this Court, the Designating Party shall bear the burden to
prove, on a particularized document-by-document basis, that the
"CONFIDENTIAL" designation is justified under applicable law.

12.     If a document subject to a claim of attorney-client privilege or work
product immunity is inadvertently produced or disclosed as
"CONFIDENTIAL," either during discovery or in response to a Sunshine
Law request submitted by Defendants, their employees, agents, contractors
or attorneys, such inadvertent production or disclosure shall not constitute a
waiver of such privilege or immunity. A party that discovers it has
inadvertently produced or disclosed such document shall provide written
notification to the Receiving Party and request return of such document and
destruction of all copies of such document. If the Receiving Party disputes
the claim of privilege or immunity, no use may be made of such document
until the dispute is resolved by the Court.

Exhibit A

13.     If any Receiving Party in possession of "CONFIDENTIAL" documents is served with a subpoena or request for such documents in other litigation or pursuant to RSMo Sec. 610.010 et seq., the Receiving Party shall give the Designating Party prompt written notice of such subpoena or request for production and shall, to the extent permitted by law, withhold production until the Designating Party permits production or a court orders production. The Designating Party shall bear the burden of defending such documents from production.

14.     All parties retain the right to seek relief from the Court, upon good cause shown, from any of the provisions of this Order.

        **SO ORDERED:**

The Honorable Michael T. Jamison, Circuit Judge

**DATE:** 3-4-15